UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYA KING,

    Plaintiff,

v.    Case No:    6:14-cv-375-Orl-TBS

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## ORDER[1]

This case comes before the Court on Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. 25).   Plaintiff consents to the relief requested in the motion.   (Id.).

Defendant asks that the case be remanded to further evaluate Plaintiff's claim. Specifically, Defendant states that on remand: (1) the administrative law judge ("ALJ") should determine if there are jobs in the national economy which Plaintiff can perform given her residual functional capacity ("RFC"); (2) the ALJ should obtain supplemental testimony from a vocational expert based upon a hypothetical question that accurately reflects all of Plaintiff's functional limitations and that is consistent with the ALJ's finding concerning Plaintiff's RFC; (3) the ALJ should ask the vocational expert if his or her testimony is consistent with the Dictionary of Occupational Titles; (4) the ALJ should take additional steps necessary to complete the administrative record, including by providing

---

[1] The parties consented to referral of this case to the magistrate judge and on June 18, 2014, the district judge referred the case to the magistrate to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.   (Doc. 17).

Plaintiff the opportunity to have a new hearing, submit additional evidence, and receive a new decision; and (5) the ALJ should remove Exhibit 16F from the record and not consider its contents.  (Id.).

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Defendant with or without remanding the case for a rehearing.  Shalala v. Schaefer, 509 U.S. 292 (1993).  The failure of the ALJ to develop the record constitutes sufficient grounds for remand if "the record reveals evidentiary gaps which result in unfairness or clear prejudice."  Brown v. Shalala, 44 F.3d 931, 934-935 (11th Cir. 1995).  A sentence-four remand may also be appropriate to allow Defendant to explain the basis for her administrative decision.  Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).  Upon remand under sentence-four, the ALJ must review the complete case record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon due consideration, I agree with the parties that it is appropriate to remand this matter and **ORDER** that:

1. Defendant's Unopposed Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant (Doc. 25) is

**GRANTED**.

2. This case is **REVERSED AND REMANDED** to Defendant pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk is directed to enter judgment accordingly, terminate any pending motions and close the file.

4. The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.   Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney representing Defendant to advise that notice has been received.

**ORDERED** in Orlando, Florida on December 30, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record